Dear Chief Carter:
You have advised this office that you hired two police department employees on October 16, 2000. The town governing body formally accepted your recommendation in a town meeting held on November 13, 2000, but refused to pay these employees for their labor performed prior to November 13, 2000. You question the legality of this decision.
In a Lawrason Act municipality such as the Town of Delhi, the final authority for hiring of police personnel rests with the mayor and the board of aldermen. The elected chief of police must make his recommendation to the mayor and the board for appointment of personnel, but he cannot hire without the approval of the governing board. See R.S.33:423[1] and Attorney General Opinion 93-49, copy attached.
Whether these two employees, working under an irregular appointment without the authority of law, should be paid for their services, is a matter within the discretion of the mayor and board of aldermen. Addressing a similar situation in Attorney General Opinion 1942-1944 at page 1053, this office concluded:
 If the Mayor and Board of Aldermen, acting in a regular meeting or a special meeting called for the purpose should conclude that services have actually been rendered the municipality and that it would be equitable that those rendering the services should be compensated out of municipal funds, there would be no violation of law in the Mayor and Board of Aldermen authorizing the payment of such compensation as they may deem proper and fair.
Thus, it is the opinion of this office that it is within the discretion of the mayor and board of aldermen to elect to pay these employees for their services.
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 33:423 provides:
§ 423. Duties of marshal
A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with he enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
B. The provisions of Subsection A of this Section shall not be construed to limit or restrict the provisions of R.S. 33:423.3.
OPINION NUMBER 93-49
February 19, 1993
77 — OFFICERS 60 — LAW OFFICERS
R.S. 40:2404, R.S. 33:423, 18 U.S.C. § 922, 18 U.S.C. § 925
We find no minimum age for employment and training as a police officer, and the federal restrictions on sale of guns to persons under 21 does not apply to police officers. In a Lawrason community the elected chief of police must make recommendations to the mayor and board for appointment of police personnel, and cannot hire without their approval.
Ruby L. Hawkins, Mayor Town of Cheneyville P.O. Box 322 Cheneyville, LA 71325
Dear Mayor Hawkins:
This office is in receipt of your request for an opinion of the Attorney General. Your questions are as follows:
 1. If a nineteen year old is hired as a police officer, is it legal for someone else to purchase the gun that he will be using in his position as a police officer since he is prohibited by age from a purchase?
 2. Is there a statute setting a minimum age for a law enforcement officer, or that states what age law enforcement officers must be to attend the police academy?
 3. Is the council of a municipality able to reject the appointment of a police officer that an elected police chief might be interested in hiring, and if not accepted by the council, can the police chief hire that individual anyway?
Under federal law, 18 U.S.C. § 922(b)(1), it is unlawful to sell or deliver any firearm, other than a shotgun or rifle, to anyone who is less than twenty-one. However, an exception is made in sales for use by any State, or any department, agency or political subdivision thereof, which would exempt a police officer for your community, 18 U.S.C. § 925. We understand that police officers may make such purchases with proper identification as to their status as a police officer, and note that the prohibition of R.S. 14:95 relative to illegal carrying of a weapon does not apply to persons vested with police power while in the performance of their lawful duties.
La. R.S. 40:2404 mandates any person who begins employment as a peace officer in Louisiana after January 1, 1986 "must successfully complete a certified training program approved by the council and successfully pass a council-approved comprehensive examination within one calendar year from the date of initial employment." However, we find no state law that sets a minimum age for attendance in the training course or for employment as a law enforcement officer, and the Council of Peace Officer Standards and Training has indicated they have no minimum age restriction.
We are informed that you are a Lawrason Act community and R.S. 33:423
is pertinent to your inquiry in regard to hiring police officers. It provides that in those municipalities which have an elected chief of police "he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, * * * and for dismissal of police personnel."
This office has recognized that R.S. 33:423 provides the actual appointment power of police personnel is vested in the mayor and board of aldermen, although the appointment of a police officer must have the recommendation of the Chief of Police. Atty. Gen. Op. Nos. 90-316, 88-534. However, the governing authority may reject the recommendation of the chief of police, and he cannot hire that individual.
We hope this sufficiently answers your questions, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0471f